Next case is 07-1058 Suncoast v. CCL Products. Mr. Burke, whenever you're ready. We've got some enlargements that we'd like to use. Would it be possible to look at these a little closer? Sure. Are these exhibits? They're all photos or figures from the past. Do you have any objection? There are two images on these enlargements that were never reported to this report. We mentioned that in reviewing these with counsel before the oral argument this morning. Counsel can identify the two. One of them at least appears in the reply brief. Again, it's never before the district court. Your Honor, if I may, I'd like a response. Please. This court has a rule to avoid last minute objections like this. Rule 34C where we were of course required to provide prior notice both to the court and to plaintiff's counsel regarding exactly which photo the group owned, which was blown up and shoved, and five days prior to this proceeding, we were required to notify the court if they had objections. Of course, when the plaintiffs were brought, they did not do that. So we believe that any objection to using these photos of the physical exhibits, which the court has, has been waived. What do you think? I have no problem with this. Well, you can use them for what they're worth. We're not responsible. No, that's fine. You can barely see them from here anyway, so. Mr. Burke, you may proceed. Good morning, Your Honors. My name is Dan Burke. With me today is my associate, George Dombolakis. At the outset, I would like to be very clear in what we are asking from the court on this second appeal in this case. What we ask is that the court state very explicitly in its decision that a rational jury could easily find that both of Suncoast's calculator models, the so-called original and the modified calculator, have hinge-forming trunions formed on inwardly facing surfaces of their flanges. The starting point is— Still subject to the original claim construction made by this court in the lower court, which is the law of the case. Absolutely. Not outside of that claim construction. We're not deviating from that claim construction one bit. If I can, I'd like to review the intrinsic record very quickly because it's relevant to the two points I'd like to make. The two trunions, and this is a rear view of Figure 9 from the packet. This is a rear view. So I'm pointing it to the left, but this is what we call the right side, the right trunion. In our papers, the packet identifies element 28 as a trunion. This court has previously confirmed that 28 is indeed a trunion. The way this lid is attached to the calculator, this drum 70 is positioned partly within the lid, and it has slots over here. Near 74, there's a slot 72 that, when the drum is positioned within the lid, that slot lines up, if you follow this diagram, it lines up with a rib 34 that is within and part of trunion 28. The district court judge here, though, I mean, you were before him, he examined the accused device, right? He says he did, yes. Well, is there any reason to believe that he did not because he said he did? No. We don't have to prove that to anybody. All right. He didn't find the projection. He said there's no projection. Right. So I understand that there's a diagram and it may look like that from various angles, but it's kind of hard to disconnect his conclusions with respect to what existed in the accused product he had right before him. Well, these are very large blow-ups that the district court had before him of the original calculator, Suncoast original calculator. The district court found that on the left side, this round circular projection is a trunion. The claim language, in order to find that it was a trunion, the claim language says that the trunion is formed on an inwardly facing surface. Projecting from the trunion. Projecting from the inwardly facing surface. Absolutely. This round structure that he found was a trunion projects from this inwardly facing surface. He had to conclude that this here was the inwardly facing surface of that left flange. Therefore, the exact same surface on the other side also has to be an inwardly facing surface of the flange. From that surface, there are two projections. There's this, which is a rib. It's actually a bifurcated rib. You end up with two ribs. And there's this structure here that projects outward. It's shown more clearly in this next photograph of the calculator lying down. You get a better sense of the depth of the rib and this curved projecting structure here. Now, by analogy, it's clear in these enlargements, the calculators are small, so the enlargements are very helpful. There can be no doubt that this structure here, both these ribs and this curved projecting structure, projects from the inwardly facing surface. Were those exhibits before the district court? These were. Exactly. They were unlabeled and we also had labels. The second one with it lying down. The one behind it. The second one with it lying down. This photo was not before the district court. The calculators were before the district court. Aren't you asking us to make factual determinations that the court below should have made? He said, despite this evidence, despite these labeled photos, despite having the... You just said the photo wasn't before the district court. One of them wasn't. The others were. These clearly show that this surface here, this rib, is raised and that this projecting structure here is raised also. The defendant submitted front-on shots that really don't show anything, so it's possible that the district court relied upon photos taken from an angle that just don't show. But it was incumbent upon you to present it otherwise. We did, and he found it. But not all of the pictures were before him. One wasn't. And the accused device was before him. Yes, he had all the accused devices. One thing I didn't hear you reference when you were talking about this is the flange, which was part of his analysis. He looked at it and he said, the right flange has no projection. There's only a recess in the flange. And you're saying that's not true, that the right flange does have projection? Absolutely. Absolutely. Just like the starting point has to be. It's not so much the flange, because you remember from the earlier decision. Well, let's talk about the flange for a minute, though, because that's what he was talking about and that's what I think we refer to in our opinion. So let's talk about the flange and whether there's a projection on the right flange. The flange, the trunnion is part of the flange. He said that in your earlier decision. It's right from the patent. The trunnion is part of the flange, which is part of the housing. Just like a knee is part of a leg. Basically, the trunnion is part of the flange. That's in the earlier decision from this court, and it's in the patent. Did the earlier opinion use the knee-leg analogy, too? No, it didn't. But even in my opinion, the court stated, this court, the trunnions must be of some type of projection, as that projection would apply to be considered on the surface of the flanges. Right. So the starting point isn't so much the flange. If you focus on the plain language, the starting point is, does the flange have an inwardly facing surface? Because it's all flange. It's important to appreciate that the trunnion is part of the flange, which is part of the housing. What we're looking for here in the plain language is an inwardly facing surface on each flange. That's the starting point. That's where you determine, is there a projection from this point? Why is that the starting point? Because that's the plain language. Well, the plain language is not that specific, though, because it said the housing included a pair of flanges extending from opposite edges of the housing in parallel space relationship, and hinge-forming trunnions being formed on inwardly facing surfaces of said flanges. There it is. First paragraph. There it is. That's exactly the language that's on appeal there. Hinge-forming trunnions being formed on inwardly facing surfaces of said flanges. So you have to look, and I'm here with my big photos, ready to show you what are the inwardly facing surfaces. And that's the starting point. On the one that he agreed with us, and he said it's a trunnion, he said this is a trunnion, so what else could be the inwardly facing surface if not this and this, which we labeled, and we had given to him. By analogy, the same exact structure on the other side, the inwardly facing surface, and inwardly facing surface of this flange is here above the rib and there below the rib. This structure here and the ribs project inwardly from that inwardly facing surface. But even if you're correct with respect to the right-hand flange, where is the trunnion formed on that surface? If this is the inwardly facing surface which we submit it is, the trunnion, the portion projecting from it, is here. And this is labeled in the patents, and this rib. But why are those structures a trunnion? The ribs don't form a trunnion. Actually, the patents, the patent labels, the numbers got a little messed up here, but this is a blow-up of Figure 9. In the patent, the patent says 28, which is the side that we're arguing about, says 28 is the projection, is the trunnion. The patent also says, as this court previously quoted, back in Column 4, projection 28 contains a circular recess 32, including a horizontal rib 34. So, Your Honor, that is an answer to your question of why the rib is part of the trunnion. The trunnion, remember, is a projection that forms the hinged connection. The way it does it in the patent, on that side, it supports an intermediate member. In this case, it's the damping drum. The damping drum connects the lid, it goes into both the lid and it goes into the recess defined by trunnion 28. Moving on... Mr. Burke, you're into your rebuttal time. Do you want to save some time? I do. I just want to make sure that the same point here is we have inwardly facing surfaces. These photos were before the district court. We have inwardly facing surfaces, clearly identifiable on the modified calculator. You have structure projected inward, and just like the side of the calculator I was just pointing to, 28, there are intermediate elements on both sides, which, when the calculator is assembled, these intermediate members, the damping drum and the spring cap, which go partly into the lid and partly into the structure here. The last point I want to make before I sit down is if you look carefully at the patent, you have to look at both figures 9 and figures 1 and 3. The structure, even on the original patent, you can only see this projection of trunnion 28 from the back. If you look at figures 1 and 3, it doesn't look like it projects. So when the district court rejected our position that the modified calculator has projections, he was limiting his view to the front, which is not how the patent works. Thank you. Reserve the rest of my time. Mr. Burke, why don't you reserve your time. We have two and a half minutes left. Mr. Stanley? Thank you. Good morning. Perhaps it's helpful to do the unconventional here. Let's talk about what we agreed on. If I might use some of these enlargements. The parties have a complete agreement that this structure, the circular projection, corresponds with element 30 in the trunnions and is a trunnion. And there's element 30. I think in order to unscramble this issue, we really need to take a look at what the flange is identified as. And there are two elements that are identified in the patent that are described as flange. One is element 24, and the other is element 26. If you look at 26, it points to the extreme right edge of the housing, which projects upwards. And that's a flange. But 24 is also a flange, and that does not point to the extreme left side of the housing. What is 30? My vision isn't that good. It looks to me, at least from here, and I've got this figure in the patent obviously, that 30 corresponds to 24, not 26. Am I wrong? You are wrong. Okay, and why? Show me where 30 is then. 30 is this little projection that is the... Oh, that's the outward projection. The outward projection, which is the trunnion. Right, right. On the one side. But 24 is specifically identified in the patent as a flange element. And it points to the inside of that left edge, which corresponds to this curvature right here. That is the flange. That is also this aspect here, when viewed on face, which CCL now contends is a trunnion. It is a trunnion. If you put the other drawing back up, what is 28 in that drawing to the left? This drawing does not show... What is 28? It is something that appears in the left-hand side flange, but is not visible from this drawing. Its position is identified. Its structure is described. It's a projection, but it is not shown in the projection. Isn't that identified in the patent as a trunnion? It is identified in the patent as a trunnion. It is described as a projection. It is not shown in any of the drawings. Isn't that figure 9? Isn't that shown from figure 9 of the patent? This is figure 9, or a portion of it. And 28 is identified as to its location. It is described within the patent as a projection, but there is no defining drawing that shows a projection there. No, in the patent it is identified as a trunnion. It identifies as a trunnion, and it says that there must be a projection at that location. There isn't one shown in the drawing, but there is a requirement for one in the claim. So this is what we have. We have a flange, which is identified as including the very surface, the curved exterior surface, on a face-on view. This same surface here, shown on a face-on view here, is the flange. And this is the aspect that CCL now contends is a trunnion. It cannot be a trunnion for a number of reasons. One, it's identified as a flange. Two, it is not hinge-formed, and it is not a position about which the lid turns. It abuts the lid. The lid doesn't turn about it. You're saying that on the left-hand side, that the peripheral structure is the inward surface of the flange? That is correct. But the trunnion there is not formed on that surface. The trunnion is formed on the surface that represents the floor of that upright piece. This upright piece is the entire flange. Its inward surface has two levels. The one level and the second level is a recess. You'll recall... Then the trunnion is formed on the recess. The trunnion is formed on the inward surface of the recess of the flange. Then aren't the ribs on the right-hand side formed in exactly the same way, on the inward surface of the flange? They are. But they are the ribs. They are not the trunnion. The trunnion is something different than the rib. The rib is described as being located in a recess in the trunnion. The right side has ribs. It has flange. It does not have a projection within the inner surface, which is different than the rib. There is a requirement for a rib distinct from the requirement for a trunnion. This product does not have a trunnion on this surface. It has a rib and it has a flange. I know we keep going round and round on this thing. I suppose it's appropriate if this is a trunnion, not to make a bad pun, but... It hinges on a trunnion. It does. But the problem is that you... you do so by walking away from what the patent says. Because the patent clearly says that these projections, 28, are trunnions. Trunnion-like projections, 28. I don't believe that. You could call it a rib, but that's... The patent identifies it as a trunnion-like projection. No, the patent identifies that there is a requirement for a trunnion, which is a projection. It also identifies that on the right side there is a rib distinct from the trunnion. What CCL is attempting to do is conflate that into saying that the rib is the trunnion. It can't be. All right, if the rib is not the trunnion, then what is? The problem is on the 28, on the accused product, there isn't one. That's why the district court granted summary judgment. There is no projection distinct from the rib on the inward-facing surface of the flange, which can meet the limitation of a projection-like trunnion. There isn't one. On the left side, if the flange is raised... That is correct. The flange is the entire body of the housing that extends upwards of the display area. But if you look at the patent drawing itself, you will see where 28 refers to the trunnion. Number 28 refers to the trunnion, which would be the flange with the raised portion. 24 identifies what you've been now talking about as the raised portion of the flange. What is 28, then? 28 is intended to identify a projection-like trunnion located in the heart, for want of a better expression, of the flange number 24. Well, the flange elements are defined as 24 in the patent. That is correct, 24 and 26. 26 being the other side. Right. Now, the fact that they've identified the flange as both 26 and 24 teaches us that the flange, in fact, extends from the outer extremity of the housing into the curved inner surface of the flange, identified by 24. Within that flange, on its inner surface, the patent requires that there be a raised projection. With respect to 28, it also defines that within the raised projection of a trunnion on that surface, there must be a raised ridge. There is a raised ridge. There is no raised projection on the trunnion. That's the heart of the matter. It comes down to something that simple. When the patent drawings explicitly identify the flange as having the entire surface area above the display area, extending from the extremity where 26 is shown to the inner extremity where 24 is shown, it cannot exclude... But you're calling 24 the inner extremity. It's not the inner extremity. That's the flange. That is the... 24 is the flange. And 26 is the flange. And 26 is the flange. Now, we're talking about 30 and 28 as being the two trunnions. Agreed. So if 28 is a trunnion on the left-hand side, why isn't that shown in the picture as such? Unfortunately, the picture doesn't show 28 other than its location. It specifies that it must be projection-like. It specifies that it must have a rib within it. It does not show it in diagram. It identifies it and describes it in the spec, and it claims it in the claims. It doesn't show it in the drawing. We cannot simply assume that because 28 points to the same area that essentially 24 points to, that they are the same. They're not the same. The requirements are that the trunnion be hinged for it. The specification further describes that the lid rotates about the trunnion. If this is the surface of the flange... Well, doesn't the lid... Exactly. On the picture itself, the raised portion of that circular portion, the inward circular portion... The trunnion hinge. Right. Isn't that the hinge? Doesn't the flap rotate around that hinge? It does. That is a trunnion. That's a trunnion. That is element 30. It's on the other side of the calculator. It is a raised trunnion. The lid does engage with it and rotates about it. This is the portion of the flange that abuts the lid. Is that 30 or 28? This is 30. Is that 30 or 28? That's the question. It's 30. Is it 30? Is it identified as 30? Yes, it's identified as 30 on this side. So it's the right-hand side of the calculator. That's the equivalent right here. So it's no question, it's beyond a doubt, that this means it satisfies all the requirements of a trunnion element. It's projection line. It rotates, it receives the lid, and the lid rotates about it. That's 30. We agree. There's a trunnion on that face. The inner space is the baseline on which this is projecting from. When we turn to the other side, what we know is that we have a flange that extends all the way up to 24. It extends all the way up to 24, and that's flange-only. Flange is not trunnion. It's not trunnion because the lid doesn't rotate about it. It abuts it. There is no projection on the inner surface as there was with respect to 30. There is a rib. That's a separately called for element within the claims and within the specification. It's distinct from the trunnion. It is not the trunnion. So neither the flange nor the rib could be construed reasonably as trunnions. That's the problem that CCF has. It seeks to redefine what it has previously admitted was flange. This upward surface it had previously acknowledged was flange. Now it says that's trunnion. In the past, it's never claimed that the rib was a trunnion. In fact, if you'll recall from the prior appeal, and you can look at the decision there, they maintain that there was a pure recess trunnion on that side. Well, that's the recess. There is no projection. And that's why it was reversed, or that's why it was affirmed, remanded for that narrow determination of whether there's projection on this side which includes a recess. There is it. If I can turn just briefly, I only have a minute, to the modified calculation. Lucky for you, we let those exhibits in. Well, I've not relied upon the two that were not before the discussion. Nor will I. The physical exhibits I've really instructed with respect to this product. What CCL has done is presented to you the back face of that calculator as opposed to its front. The front face is like this. And it's clear that what we have here is the housing extending upwards. What CCL now seeks to do is argue that the flange is only this extreme backside, and everything abutting from it is trunnion. That's not a position they took before. That's not reasonable as a construction. And even if it were a trunnion, there are other elements of the plane that are not met. So, given the products that were before the district court, given the court's careful consideration of the arguments by CCL, it's clear that there is no trunnion on the right side of that calculator. There is one on the left. Thank you. Thank you. Mr. Berg. On the original calculator, we don't think this should even be an interesting question. They bought the calculators that were used in that drawing, and they copied them. They copied them exactly. What Suncoast Council is standing here saying is that despite the fact that this lead line 28 goes precisely to this structure, structure shown right here, we say that that is not the trunnion, that it has to be something else, and that the patent suggested to something else. That structure that lead line 28 is going to is shown here in this photo of the physical exhibits that you have, and it is exactly the same structure. From the back, it is very clear that it projects inward. I want to make a point that we don't need, in order to win this case, we don't need the court to find that the rib is part of the trunnion. I believe it is. But we don't need that. We just need, on both sides, we need a projection, and we have projection. There's also no language. Suncoast has argued that what's pointed to as flanges can't be trunnions because the lead does not rotate about that structure. That language is not in the claims. The only language in the claim, vis-a-vis the connection between the lead and the housing, is that the lead structure is connected to the trunnions. It's connected to. As shown in Figure 9, it's connected on one side by this trunnion that goes in further, but it's connected on the other side by this intermediate element. But the claim does require pivotal motion. Absolutely. The lead moves on the trunnions. It doesn't say that in the claim. The lead structure connected to said trunnions for pivotal motion. Right. And the lead, in all cases, in both models before you, the lead does move pivotally relative to the housing. Relative to the housing. And it's important to remember, please, that the trunnion is part of the flange, which is part of the housing. The lead does move, and it does rotate relative to the housing. With respect to the modified counterweight. Again, looking from the rear, which is exactly how the pattern shows the projections, you have, on both sides, you have angularly facing surface. So all you need is, would a jury, a rational jury, would look at this and say, yes, there is an inwardly facing surface of a flange. What else does the flange have? Well, from that inwardly facing surface, you have structure projecting inward. That structure helps form the connection between the lead and the housing. And it also requires that the lead is connected to these trunnions. And as we show... Mr. Burke, one more. Excuse me? One more point. As we show, the lead is indeed connected to those projecting structures. Any questions? Thank you, Mr. Burke. The case is submitted. Thank you very much. All rise. I will call the jury at 2 p.m. today.